## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THE UNITED STATES OF AMERICA

v.

2:23-cr-146

BRIAN DiPIPPA

## DEFENDANT'S PROFFER AND BRIEF IN
## SUPPORT OF RELEASE PENDING TRIAL

Mr. DiPippa offers the following brief in response to the Government's request for detention pending trial.

### 1. Procedural History

On May 19, 2023, agents from the FBI and other law enforcement entities executed a search warrant at Mr. DiPippa's residence. Mr. DiPippa was not arrested following the search.

On June 28, Mr. DiPippa was indicted on three counts alleging conspiracy in violation of 18 U.S.C. §371, obstruction of law enforcement during civil disorder in violation of 18 U.S.C. §231(a)(3), and use of an explosive to commit a federal felony in violation of 18 U.S.C. §844(h)(1).

On June 29, the Government filed its request for detention pending trial. ECF at 11. In the form request, the Government alleges that a hearing is necessary due to the alleged crime being a crime of violence as defined in 18 U.S.C. § 3156 and an alleged serious risk "that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." No other factors are listed, thus this case does not implicate the presumption of detention at § 3142(e)(3).

On June 30, at the request of the Government, Mr. DiPippa turned himself in to the FBI office in Pittsburgh. His initial appearance was held later that day.

**2. The Bail Reform Act generally favors release.**

In *United States v. Salerno*, the Supreme Court addressed the first serious constitutional challenge to the Bail Reform Act. 481 U.S. 739 (1987). In holding that the Act passes constitutional muster, the Supreme Court noted that "[i]n our society, liberty is the norm, and detention prior to trial . . . is the carefully limited exception." *Id*. at 755.

The general presumption of release is expressed in the Act by the statute's structure. Section (a) outlines the options a judicial authority has and places detention last. Section (b) then sets out that the Court "shall order the pretrial release of the person on personal recognizance" or an appearance bond "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

Thus, even if the Court determines that release under (b) is not sufficient, the court then moves to section (c) where the Act outlines several more restrictive options for release. Still, subsection (B) of §3142(c) commands the judicial officer to impose "the least restrictive further condition[s]" that will "reasonably assure" the defendant's appearance in court and the safety of the community.

The statutory scheme is thus constructed to favor pretrial release and "it is only a limited group of offenders who should be detained pending trial. *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting the Senate Report on the passage of the Bail

Reform Act); *see also United States v. Byrd*, 969 F.2.d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.).

With regard to dangerousness, the Act places a higher burden upon the Government than in the context of flight. The Government bears the burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. The Court in *Salerno* emphasized this burden: "When the Government proves by clear and convincing evidence that an arrestee presents an identified and articulable threat to an individual or the community, we believe that, consistent with the Due Process Clause, a court may disable the arrestee from executing that threat." 481 U.S. 739 at 751.

Further, a judicial officer is prohibited from detaining a defendant "based on evidence that he has been a danger in the past, except to the extent that his past conduct suggests the likelihood of future misconduct." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Even when a defendant is charged with a serious crime or has a significant criminal history, there may be release conditions that will reasonably assure the safety of the community. *Id.*

**3.    § 3142(g) outlines factors for this Court's consideration.**

Section (g) of the Bail Reform Act sets forth factors to be considered by the judicial officer in determining conditions of release or detention.

Regarding the weight of the evidence, this factor should only be considered in the context of other factors that strongly suggest future dangerousness. The presumption of innocence still applies regardless of the weight of the evidence presented by the

Government at the detention hearing. *See e.g. United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990) ("The weight of the evidence against the defendant is a factor to be considered but it is 'the least important' of the various factors."); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)(§31429(g) "neither requires nor permits a pretrial determination of guilt"); *United States v. Gray*, 651 F. Supp. 432, 436 (W.D. Ark. 1987)("[T]he court does not believe that . . . any court should presume that every person charged is likely to flee simply because the evidence against him appears to be weighty. . . . Such a presumption would appear to be tantamount to a presumption of guilt, a presumption that our system simply does not allow.").

4. **Mr. DiPippa's proffer**

    a. <u>Mr. DiPippa's character, mental condition, family ties, employment, past conduct, and lack of criminal history suggest that he will comply with conditions of release.</u>

Brian has numerous character witnesses who are willing to speak on his behalf. His character witnesses, if called to testify, would tell this Court that if Brian gives his word that he will comply with the conditions of release, he will comply with the conditions of release. Brian is further willing to comply with any electronic monitoring condition.

Brian suffers from no mental condition that would increase his likelihood of dangerousness if released and he has no criminal history.

Brian has an associate degree in computer science and has maintained consistent employment in the information technology and systems administration fields.

Brian is currently remodeling the home that he and his wife live in. He purchased the home from a family member with the hopes that he and his wife could make it a lifetime

residence. Pretrial release would enable Brian to continue working toward making that home more livable.

  b.  <u>Mr. DiPippa voluntarily surrendered without incident, suggesting that he is not dangerous in the way the Government suggests.</u>

Following the raid on his home, Mr. DiPippa, through counsel, notified the Government that he would turn himself in without issue if he were indicted. Consistent with this, he turned himself in for arrest without issue following his indictment. This alone shows that the Government cannot carry its burden of proving by clear and convincing evidence that there are no release conditions that will *reasonably* assure the safety of the community.

  c.  <u>The acts alleged do not suggest an intent to physically harm.</u>

Despite the seriousness of the accusation, the facts alleged by the Government do not suggest an intent to harm any individuals. Assuming the weight of the evidence proffered at the detention is strong, the Government's proffered evidence suggests that the alleged explosive device used was a firework that is available to the general public. Though this fact does not necessarily negate any element of the alleged offense, it does strongly suggest that the alleged acts were not intended to cause physical harm. This being the case, conditions of release including electronic home monitoring and travel restrictions would more than adequately protect the public from any additional offenses while he is released pending trial.

**5.  <u>Conclusion</u>**

The Bail Reform Act favors release in most cases. This case is no exception. Because conditions of release can be placed upon Mr. DiPippa that will reasonably assure

the safety of the community, the Government cannot carry its burden required for detention

and Mr. DiPippa must be released.

Respectfully submitted,

/s/Joseph S. Otte
Joseph S. Otte
PA ID No. 318862
1002 Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219