IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 23-146 |
| BRIAN DIPIPPA | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S**
**MOTION FOR PRETRIAL RELEASE**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Shaun E. Sweeney, Assistant United States Attorney for said District, responding as follows to Defendant's Motion for Pretrial Release (Doc. 54):

**Procedural History**

On June 30, 2023, the defendant had his initial appearance on the charges in this case. At that time, the government requested that the defendant be detained pending trial. On July 3, 2023, United States Magistrate Judge Eddy conducted a hearing on the government's request for detention and, at the conclusion of that hearing, granted the government's request. The hearing was transcribed and both the transcript and the exhibits from the detention hearing have been provided to the Court. The references to "Tr." below relate to the page numbers of the transcript.

**Applicable Legal Standards**

The government's request for detention was made pursuant to 18 U.S.C. §§ 3412(a)(4), 3142(e)(1), and 3142(f)(1)(A)[1]. Judge Eddy concluded that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the

---

[1] In this case, the defendant has been charged with use of an explosive to commit a federal felony under 18 U.S.C. § 844(h)(1), which offense is a "crime of violence" as defined by 18 U.S.C. § 3156(a)(4).

1

community. The government's burden, which was satisfied at the hearing, was "clear and convincing evidence". See 18 U.S.C. § 3142(g)(1)-(4). As set out in detail below, Judge Eddy's conclusion that the government's detention should be granted was the correct conclusion. The government respectfully submits that, upon review of the evidence presented at the detention hearing, this Court should reach the same conclusion.

In the Supplement to ECF 62, filed by defendant Brian DiPippa in connection to his Brief in Support of Defendant's Motion for Pretrial Release, defendant Brian DiPippa provides some additional information for the Court to consider on the issue of detention. The government's response is that this additional information does not change the fact that no condition or combination of conditions can be imposed to reasonably assure the safety of the community. Moreover, if the Court is going to consider information in addition to the evidence presented to Judge Eddy, the government has attached two exhibits to this pleading (discussed below) which support the conclusion that defendant Brian DiPippa should be detained pending trial.

**Argument**

Upon review of the detention factors set forth in § 3142(g), as applied to the evidence presented at the hearing on July 3, 2023, it becomes clear that defendant Brian DiPippa should be detained pending trial.

With respect to § 3142(g)(1), the "nature and circumstances of the offense" were described by SA McConachie and were reviewed by Judge Eddy in the video exhibits presented at that hearing. That evidence established that, on April 18, 2023, the defendant took at least one incendiary smoke device and an explosive firework with him when he went to the O'Hara Student Center ("OSC"). (Tr. 14-17; Exhibits 16, 17) He tossed or rolled the second flaming smoke device into the line of attendees outside the OSC. Approximately fifteen minutes later, upon seeing twelve police officers clustered together behind the OSC, he ignited and tossed the explosive into

the middle of the group, resulting in serious injuries to at least two of the officers. (Tr. 18-19; Exhibit 18)

The defendant's use of the explosive device against the officers was obviously planned in advance, as such conduct begs the question, "who takes an explosive device to a protest?"  It seems equally obvious that his plan to cause harm and injuries at the OSC included efforts to disguise his identity.  The video shows an April day on which the weather was pleasant, yet the defendants can be seen wearing heavy winter clothing and winter head coverings concealing their physical appearances.

As to the "weight of the evidence" factor set forth at § 3142(g)(2), the transcript and exhibits are extremely compelling.  The investigators were able to obtain videos which tracked the defendants from the OSC to defendant Brian DiPippa's motorcycle leaving the area a short time later.  (Tr. 23; Exhibit 9) The clothing worn by Krystal DiPippa and the helmet worn by Brian DiPippa, were recovered by the agents at the defendants' residence.  The evidence at the hearing also included various items which revealed defendant Brian DiPippa's motive for the attack on the police officers: He is an anarchist who wants to harm police officers.  In sum, there is overwhelming proof of the defendant's culpability for the offenses charged in this case. (Tr. 24-31)

Regarding "the history and characteristics" of defendant Brian DiPippa, the evidence supports the conclusion that he should be detained.  His actions on April 18, 2023 were not the result of a momentary lapse in judgment by a young man.  Defendant Brian DiPippa is 41, not 21.  He is all about anarchy and harming law enforcement officers.  His residence displays the flag of anarchy.  He espouses and celebrates the hurting and/or killing of law enforcement officers.  He had a shotgun with an anarchy symbol affixed to it, an AR-15 rifle and a bulletproof vest.  Common sense tells us that a person acquires a bulletproof vest only if that person expects to be involved in an exchange of gunfire.

As to the fourth factor, § 3142(g)(4), the nature and seriousness of the danger posed by defendant Brian DiPippa in this case are plain to see. The danger is particularly serious for law enforcement officers, who of course would be the individuals tasked with the responsibility of arresting the defendant if he were to flee or otherwise violate the terms of his bond if released.

Defendant Brian DiPippa has provided the Court with several letters of reference in support of his character. Those letters describe who Brian DiPippa is. However, the government submits that a more reliable description of Brian DiPippa comes from Brian DiPippa himself. Pursuant to the above-referenced search warrant, the investigating agents seized and examined defendant Brian DiPippa's cell phone. The contents of the phone included notes underneath a heading, "Who am I." Those notes included the following:

"I hold a deeply heartfelt appreciation for the criminal illegal destructive arts, so naturally I was led to anarchism." See Government Brief Attachment 1.

"I riot regularly to remind myself that I still got it…" See Government Brief Attachment 1.

"I'm a softey, tender-hearted vegan animal lover who suffers from hyper-violent tendencies toward fascists." See Government Brief Attachment 1.

"Kneecaps, groin, throats and eyes - we get happy when cops keel over and die." See Government Brief Attachment 2.

While an individual's thoughts, belief or writings, even if unpopular, are of course protected by the First Amendment, those thoughts, beliefs and writings can certainly be relevant to the issue of whether that person is dangerous. This is particularly true where, as in this case, that person has demonstrated his willingness to act on those beliefs.

**Conclusion**

The government has established by clear and convincing evidence that there is no condition or combination of conditions that could reasonably assure the safety of members of the community, especially police officers. Accordingly, defendant Brian DiPippa should be detained pending trial.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

By: *s/Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568