IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | Electronically Filed |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

### NOTICE OF APPEAL

Notice is hereby given that Defendant Brian Dipippa, through undersigned counsel, appeals to the United States Court of Appeals for the Third Circuit from the Order denying his Motion for PreTrial Relief[1] entered October 26, 2023[2], a copy of which is attached.

                          Respectfully submitted,
                          THE DERISO LAW GROUP

                          /s/ *Michael J. DeRiso*
                          _____
October 31, 2023            MICHAEL J. DeRISO, ESQUIRE
                          Pa. Supreme Court Id. No.:  76555

                          2100 Law & Finance Building
                          429 Fourth Avenue
                          Pittsburgh, Pennsylvania 15219
                          Phone: 412.765.1100
                          Email:  derisio_esq2@msn.com

                          *Attorney for Defendant Brian Dipippa*

---

[1] ECF 54
[2] ECF 69

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) 2:23-CR-146-1 |
| BRIAN DIPIPPA, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Following a detention hearing on July 3, 2023, Magistrate Judge Eddy ordered Defendant Brian DiPippa detained pending trial. ECF 37. Mr. DiPippa has now moved this Court to reconsider the detention order and to grant him pretrial release. ECF 54. On *de novo* review, the Court has reviewed the transcript of the July 3, 2023, detention hearing (ECF 50), the parties' briefs (ECF 63; ECF 64), and all evidence in the record, including the parties' supplemental exhibits (ECF 66). The Court also held an oral argument on the motion on October 25, 2023, at which time the parties offered testimony from additional witnesses. ECF 68. The Court considered the argument and testimony from that hearing, as well. After carefully considering these materials and the relevant legal authorities, the Court hereby denies Mr. DiPippa's motion.[1]

## BACKGROUND

Mr. DiPippa is charged with three counts in the indictment: (1) conspiracy, in violation of 18 U.S.C. § 371; (2) obstruction of law enforcement during civil disorder,

---

[1] Magistrate Judge Eddy's order of detention states that the rebuttable presumption of detention applies here. ECF 37. That appears to be a clerical error. Nothing in the transcript from the detention hearing suggests that the parties or Magistrate Judge Eddy believed this to be a rebuttable presumption case.

in violation of 18 U.S.C. §§ 2 and 231(a)(3); and (3) use of an explosive to commit a federal felony, in violation of 18 U.S.C. § 844(h)(1).  ECF 3.

At the July 3, 2023, detention hearing before Magistrate Judge Eddy, the government called Special Agent Patrick McConachie, who walked through video exhibits capturing the alleged conduct that occurred on April 18, 2023 at a protest of an event at the O'Hara Student Center at the University of Pittsburgh.  ECF 50, 6:23-9:2, 16:8-17:5.  Specifically, he testified that a masked individual with an accomplice threw an incendiary smoke device into a line of event attendees and police (*id.* at 11:14-17:5) and then threw a firework into a group of police officers, which then exploded and caused injuries (*id.* at 18:24-21:19).  Video surveillance from the scene showed the individual and accomplice departing on a motorcycle, the license plate of which was registered to Mr. DiPippa.  *Id.* at 21:20-23:21.

Special Agent McConachie added that the government obtained a warrant to search Mr. DiPippa's residence that he shared with his wife.  *Id.* at 23:22-24:6.  In conducting the search, officers identified clothing and effects (a bag and motorcycle helmet) that the two individuals in the videos were wearing, as well as items indicating that the DiPippas harbored sentiments supporting anarchism and violence towards police.  *Id.* at 23:22-31:13.

Specifically, the officers found caricatures of cartoon characters around a police car that was on fire with the letters "FTP;" a caricature of Mr. DiPippa and his wife holding a Molotov cocktail-style device; a red and black cross-body flag, which is a symbol of anarchy; and five bottles of Spectracide Stump Remover, which contains the primary ingredient for making homemade smoke devices.  *Id.* at 26:2-27:23.  Law enforcement lawfully searched Mr. DiPippa's phone and found correspondence with an individual who offered services "if anyone got arrested," videos of officers being assaulted with incendiary devices, and notes in which Mr. DiPippa described his embrace of anarchism and violence towards law enforcement.  *Id.* at 29:25-31:13; ECF

64-1; ECF 64-2. Additionally, law enforcement found a Kevlar bulletproof vest, an AR-15 rifle with ammunition, and a shotgun etched with the symbol for "anti-fascism." ECF 50, 28:6-29:17.

At the end of the hearing, and considering the evidence and testimony presented, Magistrate Judge Eddy ordered that Mr. DiPippa be detained pending trial. Specifically, she found that the alleged crime involved violence given the nature and circumstances of the offense; that there was strong evidence against Mr. DiPippa; and that, as reflected in the pretrial services report, Mr. DiPippa's criminal history of disorder and the nature of the offense made him a risk to the community. *Id.* at 41:7-43:23. She therefore found by clear and convincing evidence that no conditions of release would reasonably assure the safety of the community. *Id.* at 43:24-44:2.

Mr. DiPippa moved for reconsideration of the order of detention. ECF 54. The next day, on August 31, 2023, the Court held a status conference at which the parties requested time to confer as to whether a need to supplement the record existed. ECF 59. The parties then requested additional briefing and an opportunity to supplement the record (ECF 60), which the Court permitted (ECF 61).

The Court held oral argument on the motion on October 25, 2023, and heard testimony from Special Agent McConachie (which largely tracked his testimony before Magistrate Judge Eddy) and two witnesses for Mr. DiPippa who would serve as custodians should he be released. ECF 68. The Court also viewed portions of the government's video exhibits and heard oral argument from the parties. Mr. DiPippa's motion is now ready for disposition.

## **LEGAL STANDARD[2]**

The Court "shall order the detention of a person" pending trial if it determines that "no condition or combination of conditions will reasonably assure the appearance

---

[2] "A District Judge reviews the decision of a Magistrate Judge granting or denying bail de novo." *United States v. Hollerich*, No. 22-225, 2022 WL 16806156, at *1 (W.D.

of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e). The burden is on the government "to demonstrate by clear and convincing evidence that Defendant is a danger to the community and/or by a preponderance of the evidence that Defendant is a flight risk." *United States v. Oliver*, No. 16-40, 2016 WL 1746853, at *5 (W.D. Pa. May 3, 2016) (Fischer, J.) (citing *United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986)); *United States v. McIntyre*, No. 16-13, 2018 WL 385034, at *3 (D. N.J. Jan. 10, 2018). Thus, the government bears the ultimate burden of proving that there are no "conditions [of release that] will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community[.]" *See* 18 U.S.C. § 3142(e).

In determining whether the government has met its burden, and thus whether detention is warranted, the Court weighs the evidence in light of the four factors of Section 3142(g): (1) the nature and circumstances of the offense charged, including whether the offense involved an explosive or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including his character; physical and mental condition; family; employment; finances; length of residence; ties to community; drug abuse history; criminal history; record of appearance at court proceedings; and whether he was on bond, probation, or parole at the time of the charged offense; and (4) the nature and seriousness of the danger

---

Pa. Nov. 8, 2022) (Stickman, J.) (citing *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985)). The District Judge "retains the discretion to make its determination after reviewing the record developed before the Magistrate Judge or to accept additional evidence from the parties and rule on an expanded record." *Id.* (citing 18 U.S.C. § 3142(f)(2)(B)).

to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

## DISCUSSION & ANALYSIS

Based on its *de novo* review of the record, including the evidence and testimony at the October 25, 2023, hearing, and the relevant Section 3142(g) factors, the Court finds that the government has met its burden. Specifically, clear and convincing evidence establishes that there is no condition or combination of conditions for Mr. DiPippa that could reasonably assure the safety of members of the community, such that detention is warranted. The Court addresses each of the Section 3142(g) factors in turn.

**Nature and circumstances of the offense charged**. Mr. DiPippa is charged with conspiracy, obstruction of law enforcement during civil disorder, and use of an explosive to commit the same. The government alleges he threw incendiary smoke devices and fireworks into crowds of people, including police officers, during a protest. The fact that an incendiary or destructive device was used makes this a particularly dangerous crime, as the Bail Reform Act clearly and expressly signals. 18 U.S.C. § 3142(g)(1) (Court must consider "the nature and circumstances of the offense charged, including whether the offense . . . involves . . . [an] explosive[] or destructive device").

But what is most troubling to the Court is that the video evidence shows Mr. DiPippa throwing the firework directly into a small group of police officers, which is clear evidence of an intent to harm. In other words, the circumstances of the offense may have been less serious had he set off the firework in an area away from law enforcement or other people, in an attempt to simply cause some general disorder. This was much more than that, and reflects a violent animus toward law

enforcement, which, in turn, reflects a disrespect for the law and the ability to abide by release conditions and orders from the probation office and Court.

**Weight of the evidence**. At the July 3, 2023, detention hearing, Special Agent McConachie testified that surveillance video captured the entire course of events during the protest. Specifically, it showed an individual throwing the smoke devices and fireworks and captured him and his accomplice leaving on a motorcycle registered to Mr. DiPippa. In executing a search at Mr. DiPippa's home, law enforcement identified clothing and other items that the perpetrators possessed at the protest. The search also revealed evidence of motive for throwing the fireworks at police—anti-law enforcement sentiment. Though the perpetrator's face was covered, the circumstantial evidence strongly points to Mr. DiPippa as the individual throwing the devices in the video. Overall, this factor points to detention.

**History and characteristics of Mr. DiPippa**. Mr. DiPippa submitted numerous letters of support from friends and co-workers attesting to his character. *See, e.g.*, ECF 62, pp. 6-8. He has strong ties to the area such that he is not a flight risk. *Id.* at 9-10. His criminal history consists of two instances of summary disorderly conduct from many years ago, and one of those was expunged. *Id.* at 10-11. He did not resist the police when they searched his home after the incident and turned himself in to the FBI when he learned of his indictment. ECF 50, 31:22-32:4; ECF 62, p. 1. All of this, standing alone, would suggest that Mr. DiPippa ought to be released. But he has shown other characteristics that tip the balance in favor of detention.

Specifically, evidence reflects that Mr. DiPippa has strong anti-law enforcement beliefs that create a serious risk of harm and suggest non-compliance with conditions of release. When the police searched Mr. DiPippa's home, they found images caricaturing violence towards police, and recovered several firearms, including an AR-15, and a Kevlar bulletproof vest. ECF 50, 26:2-29:17. The

government presented notes from Mr. DiPippa's phone reflecting a strongly held belief system that embraces anarchism and advocates violence against law enforcement, and that appears to form a core part of his identity. ECF 64-1; ECF 64-2. This belief system, combined with the alleged conduct in this case, establishes a serious risk of harm to law enforcement, including any law enforcement and probation officers that may be involved in Mr. DiPippa's supervision should he be released.

To be sure, the Court does not consider the mere fact that Mr. DiPippa subscribes to a particular ideology as a factor supporting detention. But "the Court may consider [Defendant's political] statements to the extent they are probative of his motive or intent for engaging in unlawful activity." *United States v. Taylor*, No. 21-392, 2021 WL 3552166, at *6 (D.D.C. Aug. 11, 2021). Indeed, there is a line between political beliefs and advocating for or carrying out violence. *United States v. Fitzsimons*, No. 21-CR-158, 2021 WL 4355411, at *6 (D.D.C. Sept. 24, 2021) (finding pretrial detention appropriate where defendant "demonstrate[d] a severe lack of judgment as to identifying the line between political expression and threats"), *aff'd sub nom. United States v. Fitzsimons*, No. 21-3069, 2021 WL 6102443 (D.C. Cir. Dec. 17, 2021). Thus, Mr. DiPippa's advocacy of violence against law enforcement, coupled with his actions during the campus protest, "demonstrate a continued willingness to engage in violence to advance his political objectives" that makes him a danger to the community. *United States v. Padilla*, 538 F. Supp. 3d 32, 45 (D.D.C. 2021).

**Nature and seriousness of the danger to the community**. This factor largely tracks the prior one, and so also favors detention. Given Mr. DiPippa's possession of firearms and his anarchist and anti-law enforcement sentiments, the threat he poses to the community is serious. This is especially so because law

enforcement would be responsible for ensuring Mr. DiPippa's compliance with any conditions of release.

In sum, weighing the relevant factors under the Bail Reform Act, the government has proven by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community (especially law enforcement) if Mr. DiPippa is released. Pretrial detention is therefore warranted. 18 U.S.C. § 3142(e).

## CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Mr. DiPippa's Motion for Pretrial Release (ECF 54) is **DENIED**.

DATED: October 26, 2023

BY THE COURT:

/s/ *J. Nicholas Ranjan*
United States District Judge