IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

### MOTION TO PRODUCE EVIDENCE THAT THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULES OF EVIDENCE 404(B) AND 609 WITH CITATION TO AUTHORITY

AND NOW, comes the Defendant Brian DiPippa by and through his attorney, Michael J. DeRiso, Esquire and the DeRiso Law Group, who submits on his behalf this Motion to Produce Evidence that the Government Intends to Use Under FederalRules of Evidence 404(b) and 609, and respectfully moves this Honorable Court, pursuant to Rules 104 and 404(b), as amended, of the Federal Rules of Evidence, for an Order compelling the government to provide Mr. DiPippa with a statement containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct other than those specified in the Indictment that the government will attempt to prove at trial, and the purpose for which the government will seek to admit such evidence. Mr. DiPippa also requests notice of the offenses with which the government would like to use to impeach him if he wereto testify at trial. In support thereof, Mr. DiPippa states:

    1.    Mr. DiPippa will be unable to effectively prepare for trial if not provided with a written list of any and all alleged prior bad acts and/or criminal convictions that the government intends to seek to enter into evidence in its case-in-chief and with which the

government would attempt to impeach Mr. DiPippa on cross examination if he were to exercise his constitutionally guaranteed right to testify, or which the government intends to use as rebuttal evidence.

2. If the government intends to offer evidence under Rules 404(b) or 609 of the Federal Rules of Evidence, Mr. DiPippa will need adequate notice in time to investigate and prepare his defense to such evidence and in order to meaningfully assert his constitutional rights to due process, confrontation, compulsory process and the effective assistance of counsel.

3. Mr. DiPippa requests a pretrial hearing to determine the admissibility of any of the evidence that the government intends to offer pursuant to Rule 404(b) and Rule 609, in its case-in-chief and/or on cross-examination if Mr. DiPippa exercises his constitutionally guaranteed right to testify or in rebuttal.

## CITATION OF AUTHORITY

4. Federal Rule of Evidence 404(b) provides that the prosecution must provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> **(b) Other crimes, wrongs, or acts**.
> Evidence of other crimes, wrongs, or acts is not
> admissible to prove the character of a person
> in order to show action in conformity therewith.
> It may, however, be admissible for
> other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or
> accident, provided that upon request by the
> accused, the prosecution in a criminal case
> shall provide reasonable notice in advance of
> trial, or during trial if the court excuses pretrial
> notice on good cause shown, of thegeneral nature or any
> such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b) (emphasis added)

5.  As the Advisory Committee's Note explains, the 1991 Amendment to Rule 404(b) has placed a duty upon the government toprovide a defendant with pretrial notice of its intent to introduce into evidence any evidence pursuant to Rule 404(b):

> The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions). The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion.

* * *

> . . . The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met.

Fed. R. Evid. 404 Advisory Committee Note.

6.  Courts have insisted upon the importance of reasonable notice in this context. The availability of 404(b) evidence to the prosecution bears on a determination of reasonable notice; "the notice requirement's purpose of reducing surprise is not served by allowing mere negligence to excuse a prosecutor's failure to give notice." <u>United States v. Perez-Tosta</u>, 36 F.3d

1552, 1561 (11th Cir. 1994) (citations and quotations omitted). A proper demand from a defendant shifts the burden to the government. "To protect defendants from 'trial by ambush,' the Government should be charged with the knowledge of 404(b) evidence that a timely and reasonable preparation for trial wouldhave revealed." Id.

7. "Reasonable notice is designed to reduce surprise and promote early resolution of admissibility issues." United States v. Vega, 188 F.3d 1150, 1153 (9th Cir. 1999) (citing Perez-Tosta, 36 F.3d at 1561). The government risks exclusion of 404(b) evidence from a trial if it does not provide timely notice. Id. at 1153; United States v. Blount, 502 F.3d 674, 677 (7th Cir. 2007) ("Without notice, 404(b) evidence is inadmissible."); United States v. Lopez-Gutierrez, 83 F.3d 1235, 1241 (10th Cir. 1996); United States v. Gasparik, 141 F. Supp.2d. 361, 368 n.4 (S.D.N.Y. 2001) (holding that government's failure to provide timely notice of 404(b) evidence makes such evidence inadmissible as "fundamentally unfair" to defendant). Such notice must also be sufficiently clear and precise. "[T]he government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature." United States v. Williams, 49F.3d 1144, 1148-49 (6th Cir. 1995). Clarity and precision are crucial, because the notice must "permit pretrial resolution of the issue of admissibility." Id. at 1149 (quotation and citation omitted). If the purpose of the evidence described in the notice is not apparent, such evidence is inadmissible at trial. United States v. Birch, 39 F.3d 1089, 1093 (10th Cir. 1994).

8. Apart from timeliness, the admissibility of the evidence itself must be determined by the district court under the standards for admission of evidence under Rules 402, 403, and 404(b) of the Federal Rules of Evidence. United States v. Huddleston, 485 U.S. 681, 686 (1988); see also United States v. Daraio, 445 F.3d 253, 263-64 (3d Cir. 2006) (holding that prior bad act

evidence, in order to be admissible, must still be relevant, have a proper purpose under Rule 404(b), and have probative value that outweighs its prejudicial effect). The district court is vested with this task. "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court[.]" Fed. R. Evid. 104(a).

9.  It is crucial, however, that a court make this admissibility determination prior to trial. "Because rule 404(b) evidence has the potential to unduly prejudice the defendant's case, the district court should rule on the admissibility of suchevidence prior to trial whenever possible." United States v. Chirinos, 112 F.3d 1089, 1098 (11th Cir. 1997). An order requiring the government to provide advance notice of its intent to offer such evidence provides the court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence. See United States v. Foskey, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence).

10.  In criminal cases, as in all jury cases, "proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Evid. 103(c). Since a ruling under Rule 404(b) is a ruling on admissibility, an offer of evidence under the rule will require a hearing outside the presence of the jury. See id.; see also United States v. Ceballos, 593 F. Supp. 2d 1054, 1059 (S.D. Iowa 2009) ("[A] jury has no right to hear inadmissible evidence." (*citing* Taylor v. Illinois, 484 U.S. 400, 410 (1988))).

11.  Moreover, if any of the evidence that the government seeks to introduce requires the testimony of the defendant in order for the court to determine the relevancy and admissibility of the evidence, the admissibility hearing must be conducted out of the hearing

of the jury under Rule 104(c) of the Federal Rules of Evidence. See Fed. R. Evid. 104(c) ("Hearings on the admissibility of confessions shall in all cases be conducted outside the hearing of the jury. Hearings on other preliminary matters shall be so conducted when the interests of justice require, or when an accused is a witness and so requests.").

12.   The relief requested by this Motion will permit the defense to raise any objections to problematic evidence prior to trial, thus contributing substantially to minimizing interruptions at trial, to judicial and jury economy, and to the effective, fair and expeditious administration of justice generally.   To that end, the government should be required to provide notice of its intention to use, and produce, Rule 404(b) evidence well in advance of trial. United States v. Vilar, 530 F. Supp. 2d 616, 641 (S.D.N.Y. 2008).

WHEREFORE, Defendant Brian DiPippa respectfully moves this Honorable Court to order the government to produce all evidence of prior bad acts that the government intends to use in its case-in-chief, on cross examination, or rebuttal, 30 days in advance of trial, and respectfully requests that the Court hold a pretrial hearing on the admissibility of such evidence.

Respectfully submitted,

/S/ Michael J. DeRiso

_____
MICHAEL J. DERISO, ESQUIRE

February 1, 2024

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*

CERTIFICATE OF SERVICE

I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

/S/ *Michael J. DeRiso*
_____
MICHAEL J. DERISO, ESQUIRE

February 1, 2024

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*