IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

MOTION FOR EARLY RELEASE OF JENCKS
WITH CITATION TO AUTHORITY

AND NOW, comes the Defendant Brian DiPippa by and through his attorney, Michael J. DeRiso, Esquire and the DeRiso Law Group who submit on his behalf this Motion For Early Release of Jencks and in support thereof states:

(1) An Indictment was returned by the Grand Jury charging Brian DiPippa with, at Count 1, Conspiracy, an alleged violation of 18 U.S.C. 371; at Count 2, Obstruction of Law Enforcement During Civil Disorder, an alleged violation of 18 U.S.C. 2 and 231(a)(3); and, at Count 3, Use of Explosive to Commit Federal Felony, an alleged violation of 18 U.S.C. 844(h)(1).

(2) Defendant moves the Court to require the Government to provide him, not less than fourteen (14) days before the trial of this matter, all written or oral statements commonly referred to as "Jencks" material.

(3) It would further the interests of judicial economy and efficiency if counsel undersigned were permitted to review all Jencks material with Defendant prior to the trial of this matter. Accordingly, early release of Jencks is requested.

AUTHORITY

It is within the sound discretion of the district judge to make any discovery order that is not barred by a higher authority; provisions of a discovery order are not invalid because they are broader in scope than the *Brady* requirements. *United States v. Campagnuolo*, 592 F.2d 852 (5th Cir. 1979). A court has inherent authority to order supervised discovery above and beyond discovery under the Rules of Criminal Procedure or the Jencks Act. *United States v. Williams*, 792 F.Supp. 1120 (S.D. Ind. 1992). Because an item does not fall within the criminal discovery rule does not mean that the item cannot be made available to defendant's counsel; a district judge may be permitted to order discovery beyond that specified by Rule 16. *United States v. George*, 786 F.Supp. 11 (D.D.C. 1991).

Jencks Act materials should be provided to the defense so as to furnish the defendant and defense counsel with sufficient time to examine and utilize this material in a meaningful manner before and during trial. *United States v. Holmes*, 722 F.2d 37, 40 (4th Cir. 1983). The Court, pursuant to the Fifth and Sixth Amendments to the United States Constitution, Rule 2 of the Federal Rules of Criminal Procedure and its inherent supervisory powers has the authority to override the time provisions set forth in the Act and in Rule 26.2. See, *United States v. Snell*, 889 F.Supp. 17, 24 (D. Mass. 1995)("nothing in the statute pre-empts the court's ability, consistent with its obligations over case management, to order earlier disclosure than required by the Act."). Rule 26.2, unlike its predecessor, the Jencks Act, contains no language explicitly precluding the disclosure of witness statements prior to trial. The government should disclose Jencks material to defense counsel as soon as practicable following the defense request for disclosure because it will not only assist the defendant in achieving a fair trial, but also serve

the public interest in expediting the fair resolution of criminal cases.  *United States v. Tarantino*, 846 F.2d 1384, 1415, n.12 (D.C. Cir.); *United States v. Hinton*, 631 F.2d 769, 782 (D.C. Cir. 1980); *United States v. Poindexter*, 727  F.Supp. 1470 (1484-85 (D.D.C. 1989)).  Defendant therefore respectfully requests the Court order the Government to produce Jencks materials reasonably in advance of trial to allow effective preparation of his defense.

WHEREFORE, Defendant respectfully requests the Court to issue an Order granting the instant Motion For Early Disclosure of Jencks Material.

Respectfully submitted,

/S/ Michael J. DeRiso

_____

MICHAEL J. DERISO, ESQUIRE
2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*

February 1, 2024

CERTIFICATE OF SERVICE

I, Michael J. DeRiso, hereby certify that on January ___, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

                                              Respectfully submitted,

                                              /S/ *Michael J. DeRiso*
                                              _____
                                              MICHAEL J. DERISO, ESQUIRE

January ___, 2024
                                              2100 Law & Finance Building
                                              429 Fourth Avenue
                                              Pittsburgh, Pennsylvania 15219
                                              Phone: 412.765.1100
                                              Email: deriso_esq2@msn.com
                                              *Counsel to Defendant Brian DiPippa*