IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

<u>MOTION FOR DISCOVERY PURSUANT TO FEDERAL RULE</u>
<u>OF CRIMINAL PROCEDURE 16 WITH CITATION TO AUTHORITY</u>

Defendant, Brian DiPippa, by his attorney, Michael J. DeRiso and the DeRiso Law Group, respectfully moves this Honorable Court issue an Order directing the Government to provide Defendant with discovery pursuant to Federal Rule of Criminal Procedure Rule 16.

(1)     An Indictment was returned by the Grand Jury charging Brian DiPippa with, at Count 1, Conspiracy, an alleged violation of 18 U.S.C. 371; at Count 2, Obstruction of Law Enforcement During Civil Disorder, an alleged violation of 18 U.S.C. 2 and 231(a)(3); and, at Count 3, Use of Explosive to Commit Federal Felony, an alleged violation of 18 U.S.C. 844(h)(1).

(2)     Mr. DiPippa has entered a plea of not guilty and moves for the following disclosures pursuant to Rule 16:

(3)     '[A}ny relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial.  *Fed.R.Crim.P. 16(a)(1)(A).*

(4)     Any relevant "written or recorded statement by the defendant" if the statement is in the government's possession or control, and the government knows of the statement.  Id. 16(a)(1)(B)(i).

(5)     Any written record containing the substance of defendant's oral statements provided the statement is made in response to interrogation by a person the defendant knew to be a government agent.  *Id. 16(a)(1)(B)(ii)*.

(6)     Any recordings of the defendant's grand jury testimony, if related to the offense. *Id*. 16(a)(1)(B)(iii).

Pursuant to Federal Rule of Criminal Procedure Rule 16, the government must disclose to the Defendant all of the requested information set forth above. Fed. Rule Crim. Pro. 16(a)(1)(A), 16(a)(1)(B)(i), 16(a)(1)(B)(ii), 16(a)(1)(B)(iii).

Moreover, the government must allow a defendant to review any "books, papers, documents, data, photographs, tangible objects, buildings, or places" that are material to the defense, provided that the government intends to use that evidence in its case-in-chief or that the item was obtained from the defendant.  Fed.R.Crim.P. 16(a)(1)(E).

The Third Circuit has made it clear upon the defendant's request that the government must disclose all of the items set forth within the Rule.  United States v. Maury, 695 F.3d 227 (3rd Cir. 2012).

In addition to the general requests set forth above, the Defendant makes the following specific discovery requests pursuant to Rule 16:

a.     The date, time and place of every occasion on which any surveillance, mail cover, search and/or seizure, whether electronic, photographic, mechanical, visual, aural or any other type, was made of defendant, or his office or premises, or was directed against defendant, together with all documents, photographs, recordings or other materials resulting from or reflecting or relating to such occasions.  This includes the surveillance conducted by the Secret Service, Department of Homeland Security, the Federal Bureau of Investigation, or any other

intelligence or police agencies or entities known in the existing discovery.

b.      Any material or information within the possession and control of the attorney

for the government which tends to indicate that the indictment of any of the government's

evidence or sources of evidence against the Defendant was the result or "fruit" of an unlawful

or questionable procedure.

c.      The Defendant requests any and all information regarding any confidential

human sources, or agents working in an undercover capacity.

d.      A list of all documents used, obtained, or written in connection with the

investigation preceding the indictment that the government destroyed, for whatever

reason, including but not limited to, rough notes of interviews, reports, memoranda,

subpoenaed documents and other documents.

   **WHEREFORE**, the Defendant, Brian DiPippa, respectfully requests this Honorable Court

to enter an Order granting the production of Rule 16 disclosures.

Respectfully submitted,


/s/ Michael J. DeRiso
_____
MICHAEL J. DeRISO, ESQUIRE
Pa. Supreme Court Id. No.:  76555
*Counsel to Defendant Brian DiPippa*

February 1, 2023

THE DERISO LAW GROUP
2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email:  derisio_esq2@msn.com

CERTIFICATE OF SERVICE

     I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

/S/ *Michael J. DeRiso*

_____

MICHAEL J. DERISO, ESQUIRE

February 1, 2024

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPipp*