IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

MOTION TO REQUIRE PRESERVATION OF AND PRODUCE
ROUGH NOTES WITH CITATION TO AUTHORITY

AND NOW, comes the Defendant Brian Dipippa by and through his attorney, Michael J. DeRiso, Esquire and the DeRiso Law Group, who file on his behalf this Motion To Require Preservation of Rough Notes and in support thereof states:

(1)     An Indictment was returned by the Grand Jury charging Brian Dipippa with, at Count 1, Conspiracy, an alleged violation of 18 U.S.C. 371; at Count 2, Obstruction of Law Enforcement During Civil Disorder, an alleged violation of 18 U.S.C. 2 and 231(a)(3); and, at Count 3, Use of Explosive to Commit Federal Felony, an alleged violation of 18 U.S.C. 844(h)(1).

2.     Federal and state investigative/law enforcement officers including, but not limited to, the FBI, Homeland Security and Secret Service have conducted interviews and/or taken notes during the course of the investigation and/or after the indictment was returned in this case.

3.     Defendant respectfully requests the Court to order that all rough notes and any other evidence relative to interviews of alleged co-conspirators, confidential informants and/or

cooperating witnesses be preserved so that the same may be produced to Defendant or, at a minimum, disclosed to the Court for review.[1]

## AUTHORITY

The production of rough notes and any other writing relative to interviews of alleged co-conspirators, confidential informants and/or cooperating witnesses are subject to production in federal prosecution under the holdings in *Brady v. Maryland*, 373 U.S. 83 (1963).  The United States Court of Appeals has also so held.  *United States v. Vella*, 562 F.2d 275 (3rd Cir. 1977).  In *Vella*, the Third Circuit announced that rough notes of agents "should be kept and produced so that the trial court can determine whether the notes should be made available to the [defendant] under the rule of *Brady* . . . or the Jencks Act."  *Id* at 276.  In *Ammar v. United*

---

[1] This Motion is made so that the Court can determine whether disclosure of the said notes is required under Brady v. Maryland, 373 U.S. 83 (1963), or the Jencks Act (Title 18, U.S.C. section 3500).  In United States v. Vella, 562 F.2d 275 (3rd Cir. 1977), the Third Circuit ruled that the procedure regarding the retention of rough notes as set forth in United States v. Harrison, 524 F.2d 421 (D.C. Cir. 1975) will be followed in the Third Circuit. Specifically, the following procedure must be followed regarding the retention and review of rough notes:

    a.    The decision whether rough interview notes taken by agents of the FBI in interviewing eyewitness are discoverable <u>is for the Court, and not the Government;</u>

    b.    The determination as to what constitutes a producible "statement" under the Jencks Act is <u>for the Court, not the G o v e r n m e n t or one of its agents.</u>  18 U.S.C.A. section 3500-355 (e)

Rough, handwritten notes taken by agents of the Government in interviewing witnesses are potentially discoverable material required to be preserved and produced even if the notes were not discoverable under the Jencks Act, and the Government's practice of destroying the notes after preparation of the witness interview report is not justified either on the grounds that preservation of the notes would impose an intolerable burden on the Government or that all of the information was preserved in the report.  18 U.S.C.A. Sections 3500.  Although the Jencks Act does not impose a duty on law enforcement to retain rough notes when their contents are incorporated in official records and they destroy their notes in good faith, once the government is put on notice, they cannot claim destruction of rough notes was done in good faith.  United States v. Maynard, 476 F.2d 1170, 176-78 (D.C. Cir.1972; United States v. Bundy, 472 F.2d 1266, 1267 (D.C. Cir., 1972); United States v. Terrell, 474 F.2D 872, 877 (2nd Cir., 1973).  The thrust of the Second Circuit decision in United States v. Terrell, is that such rough notes are producible except when they are destroyed in good faith and it is the position of the Defendants that no destruction can be in good faith after the Defendants' request for the preservation of such agency's rough notes.

*States*, 714 F.2d 238 (3rd Cir. 1983) the Court expanded the rule to include drafts of agents reports. Later, in *United States v. Ramos*, 27 F.3d 65 (3rd Cir. 1994) the court reiterated the rule:

> In *Vella* and *Ammar*, we explained the requirement for retaining rough notes of interviews in such unambiguous terms that it would be futile to try to elucidate further here, for what we meant cannot be stated more clearly . . . [T]he government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the court's determination whether they should be produced.
>
> *Id*. at 65. (Emphasis Added)(Internal citations omitted)
>
> It seems too plain for argument that rough notes from any witness interview could prove to be *Brady* material. Whether or not the prosecution uses the witness at trial the notes could contain substantive information or leads which would be of use to the defendant on the merits of the case.
> If the witness does testify, the notes might reveal a discrepancy between his testimony on the stand and his story at a time when the events were fresh in his mind. The discrepancy would obviously be important to use in impeaching the witness' [sic] credibility. The possible importance of the rough notes for these purposes is not diminished where the prosecutor turns over to the defense the . . . reports. The . . . reports contain the agent's narrative account of the witness's statement prepared partly from the agent's recollection of the interview. Although the agents are trained to include all the pertinent information in the . . . report, there is clearly room for misunderstanding or outright error whenever there is a transfer of information in this manner. <u>In the best of good faith, . . . may, to some degree, at least, reflect the input of the agent. In such a situation, the information contained in the rough notes taken from the witness himself might be more credible and more favorable to the defendant's position.</u>
>
> *Id*. At 70, quoting *United States v. Harrison*, 524 F.2d 421, 427-428 (D.C. App. 1975)

In *United States v. Pelullo*, 105 F.3d 117 (3rd Cir. 1997), the Court reversed one of the counts of conviction because of the government's "inexplicable failure to abide by its obligations under Brady to disclose potential impeachment evidence. *Id*. At 122. The *Brady* material referred to by the court was the agent's rough notes of an FBI 302 report. The Court found that the notes contained information not in the report which "arguably supported" the defense theory and "could have undermined the credibility of a government witness," and which had "potential impeachment value" to the defense. As such, the government had an affirmative duty, which in this case it ignored, to provide this information to the defense." *Id*. at 123. The conviction on that count was reversed.

In *United States v. Griggs*, 111 F.Supp.2d 551 (M.D. Pa. 2000) the Court held that disclosure of notes of interview by a state trooper in a federal investigation was necessary to effectuate rule 16(a)(1)(A) and to prevent a likely *Brady* problem. Accordingly, Daryl Williams respectfully requests the Court issue an Order requiring that all law enforcement agents and/or officers in this case retain rough notes and any other evidence relating to interviews of alleged co-conspirators, confidential informants and/or cooperating witnesses.

WHEREFORE, Defendant Brian Dipippa respectfully requests the Court to order that all rough notes and any other evidence relative to interviews of alleged co-conspirators, confidential informants and/or cooperating witnesses be preserved and thereafter produced to the Defendant or at a minimum, be disclosed to the Court for review.

                      Respectfully submitted,

                      /S/ *Michael J. DeRiso*

                      _____

February 1, 2024            MICHAEL J. DERISO, ESQUIRE

                      2100 Law & Finance Building
                      429 Fourth Avenue
                      Pittsburgh, Pennsylvania 15219
                      Phone: 412.765.1100
                      Email: deriso_esq2@msn.com
                      *Counsel to Defendant Brian Dipippa*

<u>CERTIFICATE OF SERVICE</u>

I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

                                                    Respectfully submitted,

                                                    /S/ *Michael J. DeRiso*
                                                    _____
                                                    MICHAEL J. DERISO, ESQUIRE

February 1, 2024

                                                    2100 Law & Finance Building
                                                    429 Fourth Avenue
                                                    Pittsburgh, Pennsylvania 15219
                                                    Phone: 412.765.1100
                                                    Email: deriso_esq2@msn.com
                                                    *Counsel to Defendant Brian Dipippa*