IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

### MOTION TO DISMISS ON GROUNDS OF SELECTIVE PROSECUTION

The Defendant, Brian DiPippa, by and through undersigned counsel, files this motion for an order dismissing this case on grounds of selective prosecution. In support hereof, Mr. DiPippa avers as follows:

### BACKGROUND

This case arises out of a protest concerning transgender civil rights alleged to have occurring April 18, 2023, in and around the campus of the University of Pittsburgh. An event scheduled to occur that evening at the O' Hara Student Center included a speaker openly advocating for the "eradication of transgenderism."[1] This elicited vocal opposition from community members and trans rights advocates who claim that view endorses and encourages violence against transgender people. The government alleges that a civil disorder occurred outside of the event in which one firework and two homemade "smoke bombs" were discharged.

---

[1] "Should transgenderism be regulated by law" between Daily Wire commentator Michael Knowles and libertarian journalist Brad Polumbo. Pittsburgh Post Gazette, June 30, 2023 "Couple charged in protest during transgender debate at Pitt."

Thereafter an Indictment was returned by the Grand Jury charging Brian DiPippa with, at Count 1, Conspiracy, an alleged violation of 18 U.S.C. 371; at Count 2, Obstruction of Law Enforcement During Civil Disorder, an alleged violation of 18 U.S.C. 2 and 231(a)(3); and, at Count 3, Use of Explosive to Commit Federal Felony, an alleged violation of 18 U.S.C. 844(h)(1). Mr. DiPippa respectfully asks the Court to dismiss the case on grounds of selective prosecution by the government.

## ARGUMENT

**I.      This Court should dismiss the indictment on the ground of selective prosecution.**

1. The United States Supreme Court has recognized a defense to a criminal charge based on protected First Amendment activity. This defense, often referred to as "a selective prosecution defense," is not a defense on the merit of the criminal charge itself. Rather, it is an independent assertion that the prosecution has brought the charge for purposes prohibited by the federal constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).

2. As explained by the U.S. Supreme Court, "the decision to prosecute may not be deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Wayte v. United State*, 470 U.S. 598, 608 (1985). *See also United States v. P.H.E., Inc.,* 965 F.2d 848, 853 (10Cir.1992) (prosecution "motivated by a desire to discourage expressions protection by the First Amendment must be enjoined or dismissed, irrespective of whether the challenged action could possibly be found to be unlawful.").

3. In establishing a selective prosecution claim, a defendant must demonstrate that the federal prosecutorial policy "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465 (quoting Wayte, 470 U.S. at 6608).

4. Here, the Government developed a theory that Mr. DiPippa was an extreme

anarchist (classified as AGAAVE[2]) who held extremist, antigovernment and anti-law enforcement beliefs and that in conjunction with his alleged acts on April 18th motivated his charging for a discriminatory purpose.

5. Mr. DiPippa's claim of selective prosecution satisfies both of the above required elements.

**II.  Mr. DiPippa is a target of federal prosecution because of the exercise of a protected statutory and constitutional rights.**

6. The discriminatory purpose that motivated the federal decision to prosecute Mr. DiPippa is glaring: Federal authorities across the United States have emphatically demonstrated that they will prosecute cases connected to the First Amendment activities surrounding, inter alia, transgender issues.

7. In this case, the government would not have prosecuted Mr. DiPippa, but for his First Amendment activities. *Wayte,* 470 U.S. at 608 (noting that additional evidence of discriminatory purpose is not necessary when there is "an overtly discriminatory classification").

8. The above-described political prosecutions are contrary to the normal standards for prosecution, as set forth in the Justice Department's Justice Manual.

9. Specifically, The Department of Justice's Justice Manual directs federal prosecutors to decline to prosecute if "the prosecution would serve no substantial federal interest" or "if the person is subject to effective prosecution in another jurisdiction." U.S. Dept. of Justice, Justice Manual § 9-27.220 (2021).  Here, Mr. DiPippa could have been prosecuted for his alleged acts by either a county or state prosecution.

---

[2] AGAAVE is an FBI classification.  It is defined as "Subjects with ideological agendas derived from anti-government or anti-authority sentiment, including opposition to perceived economic, social, or racial hierarchies; or perceived government overreach, negligence or illegitimacy" and includes three categories, including Anarchist Violent Extremists.  The Anarchist Violent Extremists category is defined as "Subjects who oppose all forms of capitalism, globalization, and governing institutions which are perceived as harmful to society."  See, Department of Justice, Office of Inspector General Audit of the Department of Justice's Strategy to Address the Domestic Violent Extremist Threat released in June 2023.  Refer to Page 3, Figure 1.

10. The Department of Justice's Manual list does not support a finding of a substantial federal interest in this matter. *Id*. If anything, the Department's Justice Manual stands in stark opposition to the finding of a substantial federal interest in this matter.

11. Oftentimes, a finding of substantial federal interest in prosecuting such a case is based on the following criterions the nature and seriousness of the offense; the person's culpability in connection with the offense; the person's history with respect to criminal activity; the person's personal circumstances; and the probable existence of other consequences if the person is convicted. Id § 9-27-230.

12. Here, the only consideration that weighed in favor of the federal government prosecuting stems from the *discriminatory purpose* advocated by the Justice Department t h e directive that federal prosecutors should aggressively punish conduct relating to the protected First Amendment activities that sprung from transgender issues.

13. To buttress this point, the Justice Manual lists three cardinal considerations: the strength of the jurisdiction's interest, the ability and willingness to prosecute effectively, and the probable sentence upon conviction. Id § 9-27.240.

### III. **Federal Authorities have not prosecuted similarly situated Defendants.**

14. To establish prosecution resulting in a discriminatory effect, a defendant must make a "credible showing that similarly situated individuals are not being similarly prosecuted. *United States v. Jones*, 159 F. 3d 969, 977 (6th Cir.1998 (citing Armstrong 465).

15. In the instant case, the indictment and public records make abundantly clear that individuals whose conduct was as severe as the alleged conduct of Mr. DiPippa have <u>not</u> faced federal prosecution. Indeed, to counsel's knowledge the only other Defendant charged as a result of the April 18th protests is his wife, Krystal DiPippa.

16. Why did federal authorities rush to prosecute Mr. DiPippa -- even though his alleged conduct created no damage?  The answer to his question points in the direction of selective prosecution that has a discriminatory effect and is motivated by an overzealous attempt to silence Mr. DiPippa because of his beliefs and alleged participation in the April 18th protest.

**IV.     Mr. DiPippa is entitled to discovery.**

17. As noted above, Mr. DiPippa has established a case for selective prosecution in the instant case. Because of this, this Court should dismiss the charge against him.  If the government contends that its prosecutorial decision is not based on the exercise of protected statutory and constitutional rights, this court should permit Mr. DiPippa full discovery.

18. According to case law, a defendant is entitled discovery on a selective prosecution claim if he introduces "some evidence tending to show the existence of the essential elements of the defense." *United States v. Schmucker*, 815, F. 2d 413, 418 (6the Cir. 1987); *Armstrong*, 517 U.S. at 468.

19. Mr. DiPippa has introduced "some evidence" of discriminatory purpose and effect, and thus is at least entitled to discovery to establish why he was prosecuted federally and to adequately prepare for a trial.

**Conclusion**

20. It is proper for the Court to dismiss this case on grounds of selective prosecution.

21. Given the government's decision to charge only two persons in connection with the protests -- and not to charge any other defendants -- the Defendant has shown a *prima facie* case of selective prosecution.

22. The government is not permitted to base its prosecutorial decision on the basis of protected constitutional rights. If the government disputes the bases for its decision, the court should permit Mr. DiPippa full discovery in this matter.

Respectfully submitted,

/s/ Michael J. DeRiso

_____
MICHAEL J. DeRISO, ESQUIRE
Pa. Supreme Court Id. No.: 76555
*Counsel for Defendant, Brian DiPippa*

February 1, 2024

DERISO LAW GROUP, LLC
2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: derisio_esq2@msn.com

**CERTIFICATE OF SERVICE**

I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

/S/ Michael J. DeRiso

_____
MICHAEL J. DERISO, ESQUIRE

February 1, 2024

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*