IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

## MOTION TO REVEAL CONFIDENTIAL INFORMANT(S)

AND NOW, comes the Defendant Brian Dipippa by and through his attorney, Michael J. DeRiso, Esquire and the DeRiso Law Group who submit on his behalf this Motion To Reveal Confidential Informant(s) and in support allege as follows:

### BACKGROUND

Arising out of events alleged to have occurred on April 18, 2023 an Indictment was returned by the Grand Jury charging Brian Dipippa with, at Count 1, Conspiracy, an alleged violation of 18 U.S.C. 371; at Count 2, Obstruction of Law Enforcement During Civil Disorder, an alleged violation of 18 U.S.C. 2 and 231(a)(3); and, at Count 3, Use of Explosive to Commit Federal Felony, an alleged violation of 18 U.S.C. 844(h)(1).

### I.  MOTION TO REVEAL CONFIDENTIAL INFORMANT(S)

**THIS COURT SHOULD ORDER THE GOVERNMENT TO REVEAL THE IDENTITY OF THE CONFIDENTIAL INFORMANT(S) AND TO DISCLOSE TO DEFENSE COUNSEL OTHER PERTINENT INFORMATION REGARDING THE INFORMANT**

It is well established that an informant's identity must be disclosed when an informant's testimony is "relevant and helpful to the defense of an accused." <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957). <u>Roviaro</u> established no fixed rule with respect to the disclosure of a confidential informant.  See <u>id.</u> at 62.   Rather, a trial court must weigh the "particular circumstances" of the case at hand, including the crime charged, the existence of possible defenses to the crime charged, and the potential significance of the informant's testimony.  <u>Id.</u>

A.     **If the Informant Was a Percipient Witnesses to, or Actively Participated in, the Negotiations and Transactions Leading to the Commission of the Alleged Crime, the Identity of the Informant Must Be Revealed**.

In this case, the testimony of any informant is vital to the defense.  The informant in this case may have information relevant to the issues of entrapment, imperfect entrapment, and sentencing entrapment. An informant's testimony is vital even if the government chooses not to call him as a witness, since the defense may subpoena the informant to present its case-in-chief. See Lopez-Hernandez v. United States, 394 F.2d 820, 821 (9th Cir. 1968); see also Velarde-Villarreal v. United States, 354 F.2d 9, 15 (9th Cir. 1965) (Ely, J., concurring and dissenting) (concluding that disclosure of the informant would have permitted defense counsel to raise the defense of entrapment and that the trial court's failure to order disclosure constituted error).  Therefore, this Court should order the government to disclose any informant's identity.

B.     **The Government Must Produce the Confidential Informant Prior to Trial for Defense Counsel's Interview of the Informant**

The government's obligation is not fully satisfied by merely disclosing the identity and location of the confidential informant[s].  Rather, Mr. DiPippa specifically requests that the government produce the confidential informants, if any, prior to trial.  The government "must use reasonable efforts to produce a government informant whose presence has been properly requested by the defendant." United States v. Hart, 546 F.2d 798, 799 (9th Cir. 1976).  The Government must demonstrate that it used reasonable efforts to produce the informant.  See United States v. Montgomery, 998 F.2d 1468, 1473 (9th Cir. 1993).

Mr. DiPippa respectfully requests that the Court permit defense counsel to question the informant(s) before trial.  Mr. DiPippa does not know the full name of any confidential informant or his or her location.  However, if the Government intends to call any confidential informant(s), this Court should permit full disclosure of the identity and location of any informant so that defense counsel may interview said informant and thus conduct a full investigation of his credibility and his background.  See United States v. Hernandez, 608 F.2d 741, 744 (9th Cir. 1979).

In Callahan v. U.S., 371 F.2d 658 (9th Cir. 1967), the court held that both the defense and the prosecution had the right to interview witnesses before trial.  It is beyond dispute that witnesses to a crime are the property of neither the prosecution nor the defense, and that both sides share an equal right and equal opportunity to interview them.

For the reasons cited above, it is clear that any informant(s) in this case is a material witness. The government is required to disclose the identity of all material witnesses, provide the witness' current and previous addresses, and make them available for the preparation of the defense.

**C.     In Camera Hearing.**

The Court has considerable discretion in deciding whether an in camera hearing is necessary in determining when the government must release any informant's name and whereabouts to the defense.  See, e.g., United States v. Ordonez, 722 F.2d 530, 540-41 (9th Cir.1983); see also United States v. Rawlinson, 487 F.2d 5, 7-8 (9th Cir. 1973).   The Rawlinson court  held that an in camera hearing was an appropriate means for determining whether the informant's identity and testimony would be relevant and helpful to the defense.

The in camera hearing is a" favored procedure," triggered by a "'minimal threshold showing' that disclosure would be relevant to at least one defense."  United States v. Spires, 3

F.3d 1234, 1238 (9th Cir. 1993); see also United States v. Henderson, 241 F.3d 638, 645 (9th Cir. 2000). While the court in United States v. Anderson refused to establish a fixed rule that requires disclosure of an informant's identity when probable cause is at issue, it did approve the holding of an in camera hearing to which the defense counsel, but not the defendant, is admitted. 509 F.2d 724, 729-30 (9th Cir. 1974).

In Ordonez, the court stated that "[t]o insure that the informer is subjected to a vigorous or searching examination, some trial courts have permitted the defense counsel to submit a set of questions to be propounded by the court." Ordonez, 722 F.2d at 541 (internal citations omitted). The court held that the "procedure selected by the trial court should provide a substantial equivalent to the rights available to a criminal defendant under the fifth and sixth amendment[s]." Id. at 540-41.

Thus, the identity of any informant should be revealed well in advance of trial, or in the alternative, this Court should conduct an in camera hearing and allow defense counsel to participate in order to determine whether the informant's testimony is helpful and material to the defense.

Mr. DiPippa requests the opportunity to interview the government informant sufficiently in advance of trial so that any further investigation that may be necessary may be accomplished without interrupting the trial itself.

**D.    Mr. DiPippa Is Entitled to Information Regarding Any Confidential Informant.**

With respect to any informant or witness named in the discovery, and as to any other informer not yet made known to the defense, Mr. DiPippa requests disclosure of all potential impeachment information. See U.S. v. Bernal-Obeso, 989 F.2d 331, 335 (9th Cir. 1993).

Accordingly, Mr. DiPippa requests the following information: (i) Any and all records and information revealing prior felony convictions, convictions for a crime involving false statements or dishonesty, or juvenile adjudications attributed to the informant, including but not limited to, relevant "rap sheets." See United States v. Alvarez-Lopez, 559 F.2d 1155 (9th Cir. 1977); see also United States v. Henthorn, 931 F.2d 29, 30 (9th Cir. 1991); Fed. R. Evid. 609. (ii) Any and all records and information revealing prior misconduct or bad acts attributed to the informant, including, but not limited to, any attributable acts of misconduct. Fed. R. Evid. 608(b); Weinstein's Evidence ¶ 608[5] at 608-25 (1976). (iii) Any and all consideration or promises of consideration given to the informant or expected or hoped for by them. By "consideration," Mr. DiPippa refers to absolutely anything, whether bargained for or not, which arguably could be of value or use to them or to persons of concern to them. This request includes but is not limited to formal or informal and direct or indirect leniency, favorable treatment or recommendations, or other assistance with respect to any pending or potential criminal, parole, probation, pardon, clemency, civil, tax court, Internal Revenue Service, Court of Claims, administrative, or other dispute with the United States. See, e.g., Territory of Guam v. Dela Rosa, 644 F.2d 1257, 1259-60 (9th Cir. 1980) (citing error in failure to give instruction regarding credibility of witness' testimony secured by promise not to prosecute in exchange for cooperation); see also United States v. Holmes, 229 F.3d 782, 786 (9th Cir. 2000).

"Consideration" also encompasses any favorable treatment or recommendations with respect to criminal, civil or tax immunity grants, relief from forfeiture, payments of money, permission to keep fruits of criminal activity including cash, vehicles, aircraft, rewards or fees, witness fees and special witness fees, provisions of food, clothing, shelter, transportation, legal services or other benefits, placement in a "witness protection program," and anything else that

arguably could reveal an interest, motive, or bias in them in favor of the government or against the defense, or which could act as an inducement to testify or to color testimony.  See U.S. v. Thomas, 766 F. Supp 372 (W.D. Pa. 1991).  Failure to produce such evidence is material in that it would affect the trial outcome.  See United States v. Bagley, 473 U.S. 667, 676-77 (1985); see also United States v. Shaffer, 789 F.2d 682, 688 (9th Cir. 1986); United States v. Mayer, 556 F.2d 245, 248 (5th Cir. 1977); United States v. Garza, 574 F.2d 298, 301-02 (5th Cir. 1978); cf. Holmes, 229 F.3d at 786 (holding that jury instruction to view informant's testimony with caution is warranted whenever a witness receives benefits for providing information to the government); Dela Rosa, 644 F.2d at 1260 (same).  (iv)  Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant, criminal prosecutions, investigations, or potential prosecutions pending, or which could be brought against them; any probationary, parole, deferred prosecution, or custodial status of the witness and any civil, tax court, court of claims, administrative, or other pending or potential legal disputes or transactions with the government or over which the government has a real, apparent, or perceived influence. See Davis v. Alaska, 415 U.S. 308, 317-18 (1974); see also United States v. Alvarez-Lopez, 559 F.2d 1155, 1158-59 (9th Cir. 1977); United States v. Sutton, 542 F.2d 1239, 1241-42 (4th Cir. 1976).  (v) The existence and identification of each occasion on which the informant has testified before the court, grand jury, or other tribunal or body in connection with this or other similar cases. See Johnson v. Brewer, 521 F.2d 556, 562-63 (8th Cir. 1975).  (vi) Any and all records and information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or such information.

This request includes any evidence tending to show the narcotic habits of the informant at the time of relevant events. See, e.g., United States v. Bernard, 625 F.2d 854, 858-59 (9th Cir. 1980); see Dela Rosa, 644 F.2d at 1260. This request also includes any evidence indicating the informant's personal dislike or hostility toward the defendant. See United States v. Weiss, 930 F.2d 185, 197 (2d Cir. 1991); see also United States v. Haggett, 438 F.2d 396 (2d Cir. 1971). (vii) The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant has been involved either as an informant or defendant. Any prior criminal conduct on the part of the informant either as an informant or defendant is relevant in establishing a possible defense of entrapment. (viii) The informant's current and past addresses for the five years preceding defendant's arrest. See United States v. Hernandez, 608 F.2d 741, 745 (9th Cir.1979).

Mr. DiPippa makes these multiple requests because, in order to properly prepare a defense in this matter, it is important that the defense be aware of all information related to the informant's credibility and background. See Giglio v. United States, 405 U.S. 150 (1972); see also United States v. Ray, 731 F.2d 1361, 1364 (9th Cir. 1984).

Cross-examination of any confidential informant may be a critical part of Mr. DiPippa's defense, or his sentencing. This cross-examination must be complete and thorough in order to protect Mr. DiPippa's rights. See Washington v. Texas, 388 U.S. 14 (1967). In order to properly cross-examine the informant, the defense must be aware of all information relating to the informant's credibility, including any biases, prejudices or motives, as well as the substantive evidence in the informant's possession regarding entrapment, imperfect entrapment, or sentencing entrapment. The inherent unreliability of the testimony of accomplices and government informants underscores the need for complete disclosure of information relating to their credibility.

Accordingly, for all of the foregoing reasons, your Court should issue an Order granting this motion and requiring the Government to identify any confidential informant(s) and provide the information requested regarding each in numerals. i-vii above.

WHEREFORE, it is respectfully requested that the Court issue an Order granting this motion and requiring the Government to identify any confidential informant(s) and provide the information requested regarding each in numerals. i-vii in said motion.

Respectfully submitted,

/s/ Michael J. DeRiso
_____
MICHAEL J. DeRISO, ESQUIRE
Pa. Supreme Court Id. No.:  76555
*Counsel for Defendant, Brian DiPippa*

February 1, 2024

DERISO LAW GROUP, LLC
2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email:  derisio_esq2@msn.com

**CERTIFICATE OF SERVICE**

     I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

Respectfully submitted,

/S/ Michael J. DeRiso

_____
MICHAEL J. DERISO, ESQUIRE

February 1, 2024

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian DiPippa*