IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 2:23-CR-00146-NR-1 |
| | : | |
| v. | : | *Filed Electronically via ECF* |
| | : | |
| BRIAN DIPIPPA, | : | |
| | : | HONORABLE JUDGE |
| DEFENDANT. | : | J. NICHOLAS RANJAN |

<u>MOTION TO SUPRESS EVIDENCE PURSUANT TO FEDERAL RULE
OF CRIMINAL PROCEDURE 12(b)(3)(C) OR IN THE ALTERNAITVE TO RETURN
PROPERTY PURSUANT TO RULE 41(g) AND FOR AN ORDER LIMITING THE SEARCH
OF DUPLICATED DATA</u>

AND NOW, comes the Defendant Brian Dipippa by and through his attorney, Michael J. DeRiso, Esquire and the DeRiso Law Group who submit on his behalf this motion for suppression of evidence or in the alternative to return of his seized personal property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure and for an order limiting the scope of the search of data duplicates.

The warrant authorizing the search of his residence failed to particularly describe electronic "devices and storage mediums" to be searched and seized and failed to establish a nexus between the electronic devices sought and the crime of civil disorder. Accordingly, the search violated the Fourth Amendment of the United States Constitution. Defendant requests an order suppressing evidence seized subject to the invalid warrant along with any fruit developed from that evidence.

Alternatively, the seized electronic devices should be returned pursuant to Rule 41(g) because they are not contraband, the Defendant has a right to those possessions, and there is no evidentiary value to the physical devices. The government has had ample opportunity to inspect, examine, and duplicate contained data. Defendant requests an order to return his electronic devices and to limit the permissible scope of the search of any data extracted from them.

Specifically, this motion seeks return of items listed on the Receipt For Property, attached

as Exhibit A:

      1.      Apple Iphone,
      2.      Teal one plus,
      3.      Thermal Take desk tower,
      4.      MacBook Air,
      5       Samsung Chromebook,
      10.    Q-Link tablet,
      11.    Red Lexar thumbdrive,
      13.    Purple USB thumbdrive,
      18.    LG cellphone,
      19.    Nine thumbdrives,
      25.    Mac laptop with cable,
      26.    Red Panasonic Lumix camera,
      27.    Dell XPS laptop with charger,
      28.    Black Cannon camera.

## BACKGROUND

This case arises out of a protest concerning transgender civil rights alleged to have occurring April 18, 2023, in and around the campus of the University of Pittsburgh. An event scheduled to occur that evening at the O' Hara Student Center included a speaker openly advocating for the "eradication of transgenderism". This elicited vocal opposition from community members and trans rights advocates who claim that view endorses and encourages violence against transgender people. The government alleges that a civil disorder occurred outside of the event in which one firework and two homemade "smoke bombs" were discharged.

On May 18, 2023, Special Agent Polson of the Federal Bureau of Investigation ("FBI") submitted an application for a warrant to search the Defendant's residence at 407 Biddle Avenue Apartment 2 in Pittsburgh, Pennsylvania. Attachment A1 described the place to be searched and Attachment B1 described the items to be searched for and seized. Paragraph 1 specified "Evidence, contraband, fruits, or instrumentalities of violations of Title 18 United States Code Section 231 (a)(3)" and then enumerated various categories of evidence and specific items. Subparagraph b. states "Cellular phones, computers, and other devices or storage mediums that contain, **or in which can be stored**, evidence of TARGET OFFENSE". (emphasis added). That vague description is

central to this motion.

Despite the imprecise, catch-all language concerning electronic devices, Magistrate Judge Cynthia Eddy authorized the warrant.[1] The following day, the FBI along with members of the University of Pittsburgh Police Department executed the warrant and unsurprisingly seized every device apparently capable of storing electronic data they encountered. Defendants were subsequently arrested and charged with obstruction of law enforcement during a civil disorder (18 U.S.C. § 231(a)(3)), use of an explosive device (18 U.S.C. § 844(h)(1)), and conspiracy (18 U.S.C. § 371).

It should be noted that the target offense listed in the warrant application was civil disorder 18 U.S.C. § 231(a)(3) not either of the other two charged offenses. Also, the application and Polson's affidavit contain <u>no</u> factual averments that computer technology was instrumental in the alleged civil disorder.

The Defendant now brings this motion for suppression of evidence seized pursuant to the invalid warrant, or alternatively for return of the property and an order limiting the permissible scope of duplicated electronic data.

ARGUMENT

**1. Attachment B1's description of the devices and storage mediums to be search and seized is not sufficiently particular.**

A government search of a private home presumptively violates the Fourth Amendment absent exigent circumstances or a valid warrant. *Payton v. New York*, 445 U.S. 573 (1980). To be valid, the relevant portion of the Fourth Amendment requires that a warrant particularly describe the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "[A] warrant that fails to conform to the particularity requirement of the Fourth Amendment is

---

[1] Agents simultaneously executed a second search warrant pertaining to defendant's motorcycle (Lic. Plate #3XN91).

unconstitutional". *Massachusetts v. Sheppard*, 468 U.S. 981, 988, n. 5, (1984) The particularity requirement is "the touchstone of [the] warrant." *United States v. Wright*, 493 F. App'x 265, 268 (3d Cir. 2012) citing *Doe v. Groody*, 361 F.3d 232, 239 (3d Cir.2004). It can be satisfied by expressly listing items to be seized or expressly incorporating by reference an affidavit that lists such items. See *Bartholomew v. Pennsylvania*, 221 F.3d 425, 428–429. The requirement that the warrant particularly describe—rather than imply or assume—the items to be seized is critical to "limit the searching agents' discretion as to what they are entitled to seize". *United States v. Wright*, 493 F. App'x 265, 268 (3d Cir. 2012) quoting *Bartholomew* 221 F.3d 425 at 429.

In this case, the warrant's mandate to search and seize "cellular phones, computers, and other devices or storage mediums that contain, **or in which can be stored**, evidence of a civil disorder" allowed law enforcement to conduct a general sweep for any and all devices capable of storing electronic data. There need not be any cause to believe the device may actually contain such evidence, rather simply that it is capable of containing evidence. Moreover, it would permit the seizure of devices that probably did not contain evidence of the alleged offense. The Fourth Amendment does not countenance such unbridled discretion and general exploratory rummaging. See *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971).

**2. The affidavit failed to establish probable cause to search and seize devices capable of storing electronic data.**

In addition to particularity, a warrant must also contain probable cause supported by an oath or affirmation. U.S. Const. amend. IV. "Probable cause exists when 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Grubbs*, 547 U.S. 90, 96 (2006) (citation omitted). There must exist a nexus between the particular place searched and the crime under investigation. *United States v. Stearn*, 597 F.3d 40, 560 (3d Cir. 2010). The government agent preparing the affidavit must "spell out the complete factual basis for

a finding of probable cause within the affidavit's four corners." *Virgin Islands v. John*, 654 F.3d 412, 420 (3d Cir. 2011). The Court "is restricted to viewing only the information confined by the 'four corners' of the affidavit before the magistrate". *United States v. Whitner*, 219 F. 3d 289, 295-296 (3rd Cir. 2000).

The warrant's description must be such that "the officer with a search warrant can with reasonable effort ascertain and identify the place intended . The standard ... is one of practical accuracy rather than technical nicety." *United States v. Bedford*, 519 F.2d 650, 655 (3d Cir. 1975). A warrant that lacks particularity -- one that "vest[s] the executing officers with unbridled discretion to conduct an exploratory rummaging through appellees' papers in search of criminal evidence" – is subject to invalidation as a general warrant. *United States v. Christine*, 687 F.2d 749, 753 (3d Cir. 1982). In that regard, the particularity requirement is an expression of the prohibition against general warrants. Particularity must be assessed by reference to the contents of the warrant alone. *United States v. Wecht*, 619 F. Supp. 2d 213, 228 (W.D. Pa. 2009)

In *United States v. Carter*, 530 F. App'x 199, (3d Cir. 2013) the Third Circuit found that the warrantless seizure of two computers from a home may have been illegal, but the evidence was allowed because of the independent source exception to the exclusionary rule. The Court affirmed the authorization of a subsequent search of the seized computer where there was ample evidence in the affidavit of the use of a computer and VersaCheck software in the production of counterfeit banknotes and gift certificates. *Id* at 201.

Other Third Circuit cases have approved warrants using broad language to search computer devices seized in home searches where there were facts to establish a nexus between the alleged crime and the computer data. In *United States v. Himmelreich*, the court found a warrant for "any computers, computer peripherals, cameras, photos, e-mails, and chat messages" in the suspect residence was constitutional. 265 F. App'x 100, 102 (3d Cir. 2008). However, the affidavit in

*Himmelreich* included concrete facts that the suspect had used the internet, digital photography, and files to produce child pornography. See also *United States v. Beatty*, 437 F. App'x 185, 186-187 (3d Cir. 2011) (evidence that the defendants use of a peer-to-peer computer network to traffic files with explicit titles implying sexual acts with minors established probable cause to search home computer).

In this case, the affidavit establishes no nexus between the target offense and the devices and storage mediums to be seized. Agent Polson's affidavit goes to great length to describe how, in general, records might be stored on a computer's hard drive or other storage media, but it does not contain a single specific fact that the suspects actually used or even possessed an electronic device during alleged incident. Possibly due to the fact that civil disorder is not typically a computer related crime, there is no evidence whatsoever that a computer, cell phone, disk, drive, or any other similar device was an instrumental. There is no mention of a particular electronic record at issue. The affidavit does not aver that any particular device has value as physical evidence. On the contrary, the affidavit evinces a completely speculative interest in electronic devices because of their potential to contain some inarticulable, documentary evidence.

In other words, there is no probable cause to believe that evidence of the alleged civil disorder will be found in the electronic devices simply because they were located in the suspect residence. Weighing that against the very real privacy interests the defendant has in the vast amount of data harvested during the search, there is no way to say this sweep of electronic data was reasonable.

**3. In the alternative the court should order that the seized electronic devices should be returned to the defendant.**

If the court finds the language of warrant concerning "devices and storage mediums" is not constitutional infirm or that an applicable exception rescues it from infirmity, the Court should

order the seized property be returned to the defendant because it is not contraband, the defendant is entitled to it, and investigators have had ample time to inspect, examine, and image data from the seized devices. Rule 41(g) states:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

"A person aggrieved ... by the deprivation of property may move for the property's return." The burden of proof on a Rule 41(g) motion depends on when the defendant files the motion. "When a motion for return of property is made before an indictment is filed (but a criminal investigation is pending), the movant bears the burden of proving both that the [property's] seizure was illegal and that he or she is entitled to lawful possession of the property." *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014). But that burden of proof changes when "the property in question is no longer needed for evidentiary purposes, either because trial is complete, the defendant has pleaded guilty, or ... the government has abandoned its investigation." *United States v. Martinson*, 809 F.2d 1364, 1369 (9th Cir.1987) Then, the burden of proof shifts and the defendant is presumed to have a right to [the property's] return, and the government has the burden of demonstrating that it has a legitimate reason to retain the property. *United States v. Kriesel*, 720 F.3d 1137, 1144 (9th Cir.2013) (explaining that a "defendant's Rule 41(g) motion should presumptively be granted if the government no longer needs the property for evidence." (internal quotation marks and citation omitted)).

As this jurisdiction has recently ordered in another case, a defendant is entitled to return of three cell phones, a tablet, and other peripherals be returned to a defendant following a guilty plea *United States v. Stallworth*, 554 F. Supp. 3d 722 (W.D. Pa. 2021). In this case, as argued above, the government's interest in the seized electronics is solely documentary. The defendant is entitled to

return of the devices now because investigators have had ample time to inspect, examine, and image the electronic data.

As a sister jurisdiction opined, "the wholesale removal of computer equipment can undoubtedly disable a business or professional practice and disrupt personal lives, and should be avoided when possible … At the very least, the government should copy and return the equipment as soon as possible. *Steve Jackson Games, Inc. v. United States Secret Service*, 816 F.Supp. 432, 437 (W.D.Tex.1993), aff'd 36 F.3d 457 (5th cir.1994).

**4. The Court should issue an order limiting the permissible scope of electronic data retained from the search.**

As argued above, the search warrant lacks particularity and a sufficient nexus to the alleged offense of civil disorder and electronic devices seized. The defendant requests an order from this Court clarifying the proper scope of data extracted from those devices.

Advances in computer technology have enabled very ordinary and very small electronic devices to contain vast and nearly limitless amounts of date. Consequently, Courts have been contending with the overbreadth problem associated with seizures of electronic devices. As the Supreme Court noted in 2014 that today many of the more than 90% of American adults who own cell phones keep on their person a digital record of nearly every aspect of their lives. *Riley v. California*, 573 U.S 373 at 375 (2014).

Circuit courts have taken a variety of approaches to the scrutiny of electronic searches, their permissible scope, and the privacy issues at stake. In *United States v. Stabile*, the Third Circuit canvased the various approaches taken in other jurisdictions. 633 F.3d 219 ( 3rd Cir.2011).  The Third Circuit has so far resisted requiring specific protocols in searches of electronic data. See *United States v. Harder,* 2016 WL 7647635 (E.D. Pa 2016). Particularity is to be judged alone from the contents of the warrant  and supporting affidavit if it is incorporated by reference. *United States*

*v. Wecht*, 619 F.Supp.2d 213 (W.D. Pa 2009). "When a warrant is accompanied by an affidavit that is incorporated by reference, the affidavit may be used in construing the scope of the warrant." (citations omitted) *United States v. Johnson*, 690 F.2d 60, 64–65 (3d Cir.1982).

In this case, the incorporated affidavit in support of the search warrant indicates the target offense is a civil disorder 18 U.S.C. 231(a)(3). The affidavit's description of "any device … in which data can be stored" is overbroad and this court should now issue and order clarifying the permissible scope in light of the protections of the Fourth Amendment.

**WHEREFORE**, the Defendant, Brian Dipippa, respectfully requests this Honorable Court to enter an Order:

1. **Suppressing evidence seized, along with any fruits thereof, pursuant to the invalid search warrant.**
2. **Returning the electronic devices and storage mediums seized.**
3. **Limiting the permissible scope of any data extracted from those devices.**

Respectfully submitted,

/s/ Michael J. DeRiso

_____
MICHAEL J. DeRISO, ESQUIRE
Pa. Supreme Court Id. No.:  76555
*Counsel to Defendant Brian Dipippa*

THE DERISO LAW GROUP
2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email:  derisio_esq2@msn.com

February 1, 2024

CERTIFICATE OF SERVICE

    I, Michael J. DeRiso, hereby certify that on February 1, 2024, a copy of the foregoing was filed electronically with the Clerk of Courts for the United States District Court for the Western District of Pennsylvania.

February 1, 2024

Respectfully submitted,

/S/ Michael J. DeRiso

_____
MICHAEL J. DERISO, ESQUIRE

2100 Law & Finance Building
429 Fourth Avenue
Pittsburgh, Pennsylvania 15219
Phone: 412.765.1100
Email: deriso_esq2@msn.com
*Counsel to Defendant Brian Dipippa*